UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 06-61 (RCL) |
| CURTIS WILSON (1), | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter came before the Court on April 18, 2006 for a detention hearing held pursuant to 18 U.S.C. § 3142(f). The Government orally moved that defendant Curtis Wilson be held without bond pending trial. The Government asserts that no conditions of release would assure the safety of other persons and the community. See id. § 3142(e). Upon consideration of the Government's motion and the factual proffers of both defense counsel and the Government at the hearing, the Government's motion is granted for the reasons set forth below, and defendant Curtis Wilson shall be detained pending trial.

I.   BACKGROUND

Defendant Curtis Wilson is one of four people charged in a five count indictment that alleges distribution of illegal drugs and related offenses. Defendant Wilson has been charged in two counts. Count One charges defendant with unlawful maintenance of premises to manufacture, distribute, store and use three controlled substances: cocaine base, cannabis and Ecstasy, in violation of 21 U.S.C. § 856(a)(2). Count Five charges defendant with unlawful

1

possession of a firearm and ammunition by a person convicted of a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).

## II.     THE GOVERNMENT'S PROFFER

At the April 18, 2006 detention hearing, the Government proffered the following evidence. A search warrant was executed on January 24, 2006 at what was believed to be defendant's residence. Defendant, who was inside the residence at the time, attempted to flee into the bedroom. After securing defendant and the other occupants, officers completed the search. In the apartment, a large quantity of drugs was found: a plastic bag containing 24 bags of crack cocaine; a pound of marijuana; 18 Ecstasy pills; 75 small plastic bags containing cocaine; and 60 small plastic bags containing marijuana. They also found several firearms throughout the apartment, at least one which was loaded. Drug distribution paraphernalia was also found, including a digital scale, small plastic bags and multiple cellular telephones. Finally, they discovered items that indicated that defendant resided at the location: his identification and keys to the apartment were found in a jacket inside the apartment; and officers also discovered mail addressed to defendant. The Government also represented that officers made two undercover drug buys in the days immediately preceding execution of the search warrant, in which they purchased drugs from the apartment.

## III.    DISCUSSION

The Bail Reform Act of 1984 allows a federal court to detain a defendant pending trial if the Government demonstrates at an adversary hearing that no release conditions "will reasonably

assure the appearance of the person as required and the safety of any other person and the community . . . in a case that involves . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act [or] any felony if the person has been convicted of two or more offenses" involving violence, with a maximum sentence of life in prison or death, or involving certain narcotics violations.  18 U.S.C §§ 3142(f)(1)(C)-(D); see United States v. Salerno, 481 U.S. 739, 741 (1987).

In the instant case, a grand jury has already found probable cause to believe that the defendant maintained premises for the manufacture, distribution, storage and use of three controlled substances: cocaine base, cannabis and Ecstasy; and that he unlawfully possessed a firearm and ammunition.  The grand jury's indictment, which must be taken "fair upon its face," does furnish probable cause to believe that the defendant committed the acts that constitute these offenses.  See United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986) (quoting Gerstein v. Pugh, 420 U.S. 103, 117 n.19 (1975) and various courts of appeals).  Because these acts, when committed by someone with defendant's prior convictions, each carry a mandatory minimum sentence of ten years and a maximum of life in prison, 21 U.S.C. § 841(b)(1)(A), the Government may properly move for a pre-trial detention hearing, 18 U.S.C. § 3142(f)(1)(C).

Based on the seriousness of the narcotics charges in this case, a presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community, applies:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of

> imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . .

18 U.S.C. § 3142(e).

Although the § 3142(e) presumption has been triggered in this case, the Government still bears the burden of persuasion.  See United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).  The Court finds, however, that the Government has met its burden and that the presumption has not been rebutted by the defendant.  The Court's analysis in this regard is guided by the factors set forth in 18 U.S.C. § 3142(g).  The Court now turns to that analysis.

Pursuant to 18 U.S.C. § 3142(g), the court must, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning: (1) the nature and circumstances of the offenses charged, including whether the offenses are crimes of violence or involve a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Under the language of 18 U.S.C. § 3142(g)(1), pre-trial release is to be granted more sparingly when "the offense is a crime of violence or involves a narcotic drug."  Because the indictment of the defendant alleges maintenance of a premises for distribution of crack cocaine, this Court concludes that the nature and circumstances of the offenses charged strongly weigh against granting defendant's motion for release pending trial.  Drug distribution is a serious offense, especially when, as here, it involves large quantities of drugs and the use of premises to facilitate the distribution.

The weight of the evidence is sufficient to permit detention in this case. The Government's proffer, based primarily on the executed search warrant, indicated defendant Wilson's substantial, high-level involvement in the distribution of narcotics within the district. Defendant Wilson's history, particularly his criminal record, also weighs in favor of pre-trial detention. He has 14 prior convictions, making it more likely that, if released, he would continue to engage in the drug-related activity underlying both offenses.

That brings the court to the final factor, the seriousness of the danger that the defendant would pose to the community if released. The court finds that, considering the charges involved in this case, the nature and seriousness of the danger to the community weigh in favor of defendant Wilson's continued detention. He allegedly maintained a residence for the purpose of facilitating distribution of substantial quantities of various drugs and unlawfully possessed a firearm and ammunition. The danger posed to the community by continued drug sales and convicted felons in possession of a firearm and ammunition weighs in favor of continued detention of the defendant.

IV.     CONCLUSION

Upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the court finds clear and convincing evidence that defendant Wilson's pre-trial release would constitute an unreasonable danger to the community. Furthermore, upon consideration of the possible release conditions set forth in § 3142(c), the court finds clear and convincing evidence that no condition or combination of conditions can be imposed that would reasonably ensure the safety of the community, were the defendant to be released pending trial.

Accordingly, it is hereby ORDERED that:

1. Defendant Wilson will remain in the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. Defendant Wilson shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant Wilson is confined shall deliver these defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, April 21, 2006.