IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff, 　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>vs. 　　　　　　　　　　　　　　　)　　Cr. No. 06-061 (RCL)<br>　　　　　　　　　　　　　　　　)<br>CURTIS WILSON, 　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　Defendant, 　　　　　　　　)<br>　　　　　　　　　　　　　　　　) | |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Curtis Wilson, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial all evidence seized by law enforcement agents on January 24, 2006, because it was obtained through improper execution of a search warrant. Mr. Wilson respectfully requests an evidentiary hearing on this motion. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below.

**FACTS**[1]

Mr. Wilson is charged by indictment with one count of Unlawful Maintenance of Premises to Manufacture, Distribute, Store and Use a Controlled Substance in violation of 21 U.S.C. 856(a)(2)Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1). Mr. Wilson was arrested on January 24, 2006 after the execution of a search warrant on the premises at 3650 Minnesota Avenue, SE, #101, Washington, DC. Officers executed the

---

[1] By including in this motion facts as alleged by the government, Mr. Wilson does not in any way concede that these facts are accurate or true or waive his right to challenge them in the future.

search warrant by forcing their way into the door of the premises. While executing the warrant, officers allegedly found on the premises the firearm with which Mr. Wilson is charged, as well as other contraband with which others are charged. There is no evidence that the officers prepared the inventory of the seized property in the presence of the person from whom the property was taken. Additionally, there is no evidence that the officers provided any occupant of the premises with a copy of the search warrant or a receipt for the property seized.

## DISCUSSION

I.   **THE ACTIONS OF THE OFFICERS IN THIS CASE VIOLATED RULE 41(f) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.**

Rule 41(f) of the Federal Rules of Criminal Procedure sets forth requirements for officers executing search warrants. Under the rule, officers executing a search warrant must "prepare and verify an inventory of any property seized. The officer must do so in the presence of another officer and the person from whom, or from whose premises, the property was taken." Fed. R. Crim. P. 41(f)(2). In this case, the government alleges that the principal resident of the premises was Mr. Wilson. There is no evidence that the inventory taken was done so in the presence of Mr. Wilson, or any other occupant of the 3650 Minnesota Avenue, SE, #101 residence.

Moreover, the federal rules further require officers to either give a copy of the warrant to the owner of the premises and provide a receipt for the property taken, or to leave a copy of the warrant and receipt at the place from which the property was taken. Fed. R. Crim. P. 41(f)(3). A number of circuits have held that Rule 41 is not satisfied if a person is present and officers leave a copy of the warrant and receipt rather than presenting them to the person. See United States v. Gantt, 194 F.3d 987 (9th Cir. 1999) (suppressing evidence seized after law enforcement failed to

2

provide complete copy of warrant to occupant of searched premises).  The reason for this is because the purpose of Rule 41 is to "head off breaches of the peace by dispelling any suspicion that the search is illegitimate."  Id.  In this case, Curtis Wilson and other occupants were present at the time of the warrant's execution; however, no copy of the warrant was ever given to Mr. Wilson or any other occupant of the apartment, and no receipt was ever provided for the seized property.  As such, the warrant was not executed properly, and the evidence seized as a result thereof should be suppressed.

II.     **THE PROPER REMEDY FOR THE OFFICERS' VIOLATION IS SUPPRESSION OF THE EVIDENCE SEIZED PURSUANT TO THE SEARCH WARRANT**

As discussed above, the officers in this case violated Federal Rule 41(f).  With respect to Rule 41, suppression is the appropriate remedy for violations of the rule if "(1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule."  United States v. Searp, 586 F.2d 1117, 1125 (6th Cir. 1978);  See also Gantt, 194 F.3d at 994; United States v. Burke, 517 F.2d 377, 386-87 (2d Cir. 1975).  A hearing on this matter will establish that officers deliberately failed to provide a copy of the warrant.  Consequently, the officers deliberately violated the pertinent provisions of Rule 41of the Federal Rules of Criminal Procedure, and as a result the evidence seized should be suppressed.

III.    **ALL EVIDENCE MUST BE SUPPRESSED FOR FAILURE TO COMPLY WITH THE PROVISIONS OF 18 U.S.C. § 3109**

The government must also prove that the police officers executing the search warrant complied with the "knock and announce" provision of 18 U.S.C. § 3109, which only permits

officers to force entry to execute a search warrant after having given notice of their authority and purpose and having been refused admittance. There is no evidence in this case that officers were at any time refused admittance. Unless the government can prove that the officers executing the January 24, 2006 search warrant at 3650 Minnesota Avenue, SE, #101 complied with 18 U.S.C. § 3109, all evidence seized as a result of that search must be suppressed.

## CONCLUSION

For the foregoing reasons, and any other reasons the Court finds just and reasonable, Mr. Wilson requests that the Court suppress the physical evidence obtained by the officers pursuant to the improper execution of the search warrant in this case. Mr. Wilson requests an evidentiary hearing on this motion.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


/S/
_____
Tony Axam, Jr.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500