UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 06-061 (RCL) |
| CURTIS WILSON, | : | |
| Defendant. | : | |

Let this be filed.
Royce C. Lamberth
U.S.D.J. 7/12/06

## GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Jerome Kinard, hereby submit the following in preparation for a plea hearing in the instant case.

I.   ELEMENTS OF THE OFFENSES

The essential elements of the offense of Unlawfully Maintaining a Place for the Distribution of a Controlled Substance (cocaine base) in violation of 48 D.C. Code § 904.03a, are:

1. The defendant knowingly opened or maintained a place;

2. The place maintained by the defendant was used to manufacture, distribute, or store for purpose of manufacture or distribution a narcotic or abusive drug.

3. The law makes Cocaine Base a narcotic or abusive drug. The substance being distributed from the place maintained by the defendant was cocaine base. It must also be smokeable.

II.   COPY OF THE PLEA AGREEMENT

A copy of the plea agreement, not yet executed by the defendant, is attached.

III. **PENALTIES**

Pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C):

1. a term in prison of not less tan five years and not more than 25 years;
2. a fine of not more than $500,000; and
3. a term of supervised release of not less than five years.

IV. **FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA**

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that the defendant, who was later identified as Curtis Wilson, was in control of and maintained Apartment 101 located at 3650 Minnesota Avenue, S.E., Washington, D.C. The evidence would have shown that the apartment was used by certain individuals on January 24, 2006, to distribute cocaine base. Specifically, the evidence would have shown that the Metropolitan Police Department made two purchases of cocaine base from Apartment 101. In addition, the police executed a search warrant at Apartment 101 on January 24, 2006.

In the course of executing this search warrant, the police recovered numerous cell phones, scales, a box of .357 ammunition, empty ziplock bags, and two handguns. In addition to recovering PCP, ecstasy and over 630 grams of marijuana, the police recovered over 50 grams of cocaine base (commonly referred to as crack cocaine).[1] The government would have offered the testimony of an expert in narcotics trafficking who would have opined that scale and ziplocks are used for the packaging of cocaine base; that cell phones are used by drug dealers to acquire additional drug and to conduct transactions; that drug dealers will often carry or possess firearms to protect their narcotics and cash from robbers; and that dealers will package crack cocaine in the same manner that

---

[1] The above-mentioned amounts of PCP, ecstasy, marijuana and cocaine base were obtained from a DEA analysis that was performed on the narcotics recovered from Apartment 101 by the police on 24, 2006.

the crack cocaine was packaged in this case.

The evidence would have also shown that the defendant was aware of this activity in his apartment and that it occurred with his consent. Indeed, the evidence would have shown that the defendant was presented when the police executed the search warrant.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
MICHAEL T. TRUSCOTT
Assistant United States Attorney
Member of the New York Bar
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
202-514-7533

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Tony Axam, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 7-12-06    Curtis Wilson
                 Curtis Wilson
                 Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 7/12/06    Tony Axam
                 Attorney for Defendant