UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-061-01 |
| | : | |
| | : | Sentencing: November 17, 2006 |
| CURTIS WILSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and hereby respectfully submits its Memorandum in Aid of Sentencing. In support thereof, the United States would respectfully showing the following:

**Motion for Reduction**

A. Factual Summary of Offense

1. The defendant, who was later identified as Curtis Wilson, was in control of and maintained Apartment 101 located at 3650 Minnesota Avenue, S.E., Washington, D.C.

2. The apartment was used by certain individuals on January 24, 2006, to distribute cocaine base, as well as a wide variety of other narcotics. The events leading to the defendant's arrest include the fact that the Metropolitan Police Department made two purchases of cocaine base from Apartment 101. As a result, the police were able to obtain a search warrant for Apartment 101 and it was executed on January 24, 2006. The defendant was in the apartment at the time the police conducted the search warrant.

3. In the course of executing this search warrant, the police recovered numerous cell phones,

scales, a box of .357 ammunition, empty ziplock bags, and two handguns. In addition to recovering PCP, ecstasy and over 630 grams of marijuana, the police recovered over 50 grams of cocaine base (commonly referred to as crack cocaine).

4. There were also several other individuals in the apartment when the police entered. Many of those people were able to escape through a window in the rear of the apartment. However, several individuals were arrested. Three of those people are co-defendants in this matter: Travis Sweet, Jerome Kinard and Alonzo Patrick.

5. The defendant was aware of this activity in his apartment and that it occurred with his consent.

B. Defendant's Acceptance of Responsibility

6. The defendant expressed an early interest in entering into a plea. Because of the defendant's early acceptance of responsibility, also pursuant to the plea agreement, the United States was able to conserve valuable prosecution resources. The defendant pled guilty to a charge under the District of Columbia Code and, therefore, the United States Sentencing Guidelines do not apply.

## Memorandum in Aid of Sentencing

7. Based on the information set forth in the Presentence Investigation Report (PSR), the defendant's potential sentence is governed by the fact that he pled guilty and accepted responsibility for unlawfully maintaining a place for the distribution of a controlled substance under 48 D.C. Code § 904.03a, which has a minimum five year sentence and a maximum of 25 years. The government is recommending that the defendant be sentenced to 60 months and that the Court suspend all but 24 months. This recommendation is based upon the terms of the plea agreement reached with the defendant, the statutory minimum, and the applicable guideline range under the guidelines.

8. According to the PSR, the defendant's criminal record goes back nearly three decades. In total, the defendant has fourteen previous convictions. The convictions include six drug-related convictions. The defendant now stands before the Court to be sentenced for his sixteenth conviction. This repeated criminal behavior demonstrates that the chances of rehabilitation for the defendant are dismal.

9. The instant conviction centers around the defendant's decision to allow his co-defendants to use his apartment as a base of operations for selling narcotics. Indeed, the police recovered a substantial amount of narcotics and weapons from the apartment. However, in fairness, it should be noted that the defendant himself did not appear to be in physical possession of the narcotics or the weapons. The defendant offered no resistance to the officers conducting the search warrant. For all of the circumstances surrounding this case, the government recommends that the Court sentence the defendant to 60 months and suspend all but 24 months.

10. This sentence is supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider:

(a). The circumstances surrounding the offense and defendant's criminal history: As mentioned above, the defendant has three prior convictions for drug related offenses during the past ten years. Here, in addition to possessing a substantial amount of marijuana, crack, and powered cocaine, the defendant was in possession of two handguns. This record demonstrates not only a commitment to criminal behavior on the part of the defendant, but it also reflects a terrifying escalation in the seriousness of that criminal behavior.

(b). The seriousness of the offense and the need to promote respect for the law and

punishment: The combination of drugs and guns speak for themselves in terms of seriousness. Thus, the presence of guns, a large amount of drugs, and a demonstrated willingness to fight police officers reflect a dire need to promote respect for the law.

 (c). Potential deterrence: A sentence of incarceration would demonstrate to the defendant, as well as others, from allowing their homes to be used for selling narcotics.

 (d). Protecting the public: The record amply demonstrates the need to protect the public from the defendant's criminal behavior. Although the record does not suggest that the defendant was in physical possession of the weapons found in his apartment or that he himself was selling narcotics, the fact remains that the defendant has a very long criminal history and that he was freely allowing his apartment to be used as a base of operations for the drug trade. This made police detection difficult. It also caused the community to be at risk for a greater period of time.

(e).  The needs of the rehabilitative needs of the defendant: The defendant appears to have a serious problem with drug addiction and the United States has no objection to him receiving treatment while serving a sentence.

    Respectfully,
KENNETH L. WAINSTEIN
United States Attorney


By: _____
MICHAEL T. TRUSCOTT
ASSISTANT UNITED STATES ATTORNEY
Member of the New York Bar
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
Phone: (202) 514-7533
Fax: (202) 514-6010