UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CURTIS WILSON, )<br>)<br>Defendant. )<br>_____ ) | Criminal No. 06-061 (RCL) |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Curtis Wilson, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, Mr. Wilson respectfully asks the Court to impose a sentence of sixty months incarceration, with all but 24 months suspended, followed by three years supervised release. Mr. Wilson requests that the Court recommend that he receive drug treatment while incarcerated. The government does not oppose the sentence Mr. Wilson requests.

### DISCUSSION

Curtis Wilson is 46 years old. He was born and reared in Washington, D.C. and spent his formative years living with his mother. Unfortunately, Mr. Wilson's mother was addicted to drugs, and did not provide a stable or a safe home for Mr. Wilson and his brother. Mr. Wilson's stepfather was verbally and physically abusive to everyone in the family, and when he was fifteen, Mr. Wilson chose to live with his grandmother. This turbulence in his life gave way to Mr. Wilson using drugs himself. He subsequently dropped out of school and was soon arrested

1

for the first time. As the government notes, Mr. Wilson has a long history of contact with the criminal justice system. Almost all of his contacts are borne out of his drug dependency; each one is certainly influenced by Mr. Wilson's low cognitive functioning.

As Dr. Carole Giunta details in her evaluation, Mr. Wilson functions at a level of global intelligence lower than ninety-six percent of all other adults. See Evaluation of Dr. Giunta attached as Exhibit A. When he attended school, Mr. Wilson struggled with learning and was placed in special education classes. He never learned to read and write. In 1987 his mental limitations were exacerbated when he suffered a head injury that lead to encephalitis. According to Dr. Giunta, this injury has limited Mr. Wilson's thinking and reasoning and has led to his dependency on others for guidance and assistance. Id. at 4. Unfortunately, it has also made him vulnerable to manipulation by others. Id.

Mr. Wilson appears for sentencing having pled guilty to unlawfully maintaining a place for the distribution of a controlled substance under 48 D.C. Code § 904.03a. Despite his diminished mental capacity, Mr. Wilson understands that his actions were wrong. From the inception of this case, Mr. Wilson has accepted full responsibility for his crime. He asks the Court to recognize, however, that his participation in this crime was more passive than active, and that the other defendants arrested in the apartment were actually in control of the premises and the illegal activity conducted there.

Mr. Wilson recognizes that the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and effectively provides the defendant with needed educational or vocational training and medical care. See 18 U.S.C. § 3553(a)(2). Balancing all of the purposes

of sentencing, the Court must also impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." See 18 U.S.C. § 3553(a).  A sentence of twenty four months incarceration would be adequate to meet the sentencing purposes set forth in §3553(a)(2).

     Mr. Wilson does not wish to diminish the seriousness of his offense in any way, however, he never set out to open his apartment to become a crack house.  Drug dealers recognized Mr. Wilson's possession of the apartment and Mr. Wilson's vulnerability as a drug addict of low intelligence and no means to assert himself.  They maintained the apartment as their own property while Mr. Wilson stood by intoxicated on the drugs they provided.  None of this is to suggest that Mr. Wilson should not be held accountable.  Indeed, Mr. Wilson knows the difference between right and wrong and accepts the consequences of his poor judgement.  Mr. Wilson asks the Court to recognize that the particular facts of this case when considered in conjunction with his individual circumstances and background, a sentence that removes Mr. Wilson from society for twenty four months would be reasonable.  Such a sentence would be proportional to his involvement in this offense, but would also adequately punishment Mr. Wilson and deter others.  It would also be a sentence that is long enough to provide Mr. Wilson with the drug treatment he needs.

Wherefore, for all of the foregoing reasons and such other reasons as may be discussed at the sentencing hearing in this matter, Mr. Wilson respectfully requests the Court to sentence him to sixty months incarceration, with execution of all but twenty four months suspended, followed by three years of supervised release.

Respectfully submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/S/_____
Tony Axam, Jr.
Assistant Federal Public Defender
625 Indiana Ave., N.W., Ste. 550
Washington, D.C. 20004
(202) 208-7500